**DISMISS; and Opinion Filed April 3, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-13-00293-CR**
**No. 05-13-00294-CR**
**No. 05-13-00295-CR**

**EX PARTE LESTER JON RUSTON**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F04-15925-M, F04-21379-M, F04-24674-M**

**MEMORANDUM OPINION**

Before Justices Lang-Miers, Murphy, and Fillmore
Opinion by Justice Lang-Miers

Lester Jon Ruston was charged with three felony offenses. The cases did not proceed to trial and were dismissed, on the State's motion, on September 30, 2008. In 2012, appellant filed a petition for writ of prohibition and an amended petition for writ of prohibition asking that the trial court issue "an immediate peremptory writ" against the State of Texas "restraining the State of Texas from any further acts of fraud, crime, obstruction of justice, or contempt of any court orders." The trial court concluded the petition was without merit and denied it. Appellant appealed the trial court's order.

On March 7, 2013, we sent appellant and the State a letter questioning our jurisdiction over the appeal. Because it initially appeared appellant's petition for writ of prohibition sought dismissal of the criminal prosecutions, we questioned whether a petition for writ of prohibition is the appropriate vehicle for seeking dismissal of a prosecution and whether we had jurisdiction

over the appeal from the order denying the petition. Appellant did not file a jurisdictional brief. Rather, he filed in this Court a new petition for writ of prohibition, which has been docketed as a separate original proceeding.

Rather than seeking actual dismissal of the charges, it appears appellant sought a preemptive determination that the State may not prosecute him on the charges. Nothing in the record before the Court shows the State refiled the charges or is pursuing a prosecution of appellant. Moreover, in a criminal case, only the Texas Court of Criminal Appeals has authority to issue a writ of prohibition of the type appellant appears to be seeking. *See* TEX. CONST. art. V, § 5; TEX. CODE CRIM. P. Ann. arts. 4.03, 4.04 (West 2005 & Supp. 2012). *See also Allen v. Guarino*, 635 S.W.2d 129, 129 (Tex. App.–Houston [1st Dist.] 1981, no pet.) (per curiam) (courts of appeals do not have jurisdiction to issue writ of prohibition to prevent reindictment).

Because there is nothing before the Court over which we have jurisdiction, we dismiss the appeals.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130293F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE LESTER JON RUSTON

No. 05-13-00293-CR

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F04-15925-M.
Opinion delivered by Justice Lang-Miers, Justices Murphy and Fillmore participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 3rd day of April, 2013.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE LESTER JON RUSTON

No. 05-13-00294-CR

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F04-21379-M.
Opinion delivered by Justice Lang-Miers,
Justices Murphy and Fillmore participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of
jurisdiction.

Judgment entered this 3rd day of April, 2013.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE LESTER JON RUSTON

No. 05-13-00295-CR

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F04-24674-M.
Opinion delivered by Justice Lang-Miers,
Justices Murphy and Fillmore participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of
jurisdiction.

Judgment entered this 3rd day of April, 2013.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE